# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**AMYE STRALEY,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-394**   (Fam. Ct. Cabell Cnty. Case No. FC-06-2025-D-192)

**JOHN STRALEY,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amye Straley ("Wife") appeals the Family Court of Cabell County's Final Order entered September 15, 2025, which denied Wife's request for a continuance of the final divorce hearing. Respondent John Straley ("Husband") filed a summary response in support of the family court's order.[1] Wife filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married on December 17, 2011, in Sevier County, Tennessee. The parties last resided together as husband and wife in Cabell County, West Virginia. The parties separated on June 1, 2022. Wife filed for divorce on April 28, 2025. The family court held a final divorce hearing on September 4, 2025. At the onset of this hearing, Wife orally moved the court to continue the matter because her attorney from Legal Aid could not attend the hearing and the attorney had only informed her of such the day before. The family court called the Legal Aid office from the bench and spoke to a legal assistant who informed the court that Legal Aid did not represent Wife but that a Legal Aid attorney had met with Wife and had provided her legal advice. Husband, by counsel, opposed Wife's motion to continue asserting that the case was not complicated, and it had been pending for months. As stated in the final order on appeal, the court denied Wife's motion to continue as it was not timely filed, the hearing had been set since July 9, 2025, and Husband traveled from Florida to attend the hearing.

---

[1] Amye Straley is represented by Paula L. Harbour, Esq. John Straley is represented by Jennifer Ransbottom Compton, Esq.

During the hearing, the family court addressed equitable distribution of marital property. Wife engaged in an extended discussion with the court about her desire to retain the marital home. Wife also addressed the distribution of personal property and financial accounts. By order entered September 15, 2025, the family court confirmed the partial agreements on the division of marital property made by the parties and the decisions made at the final hearing. On September 29, 2025, Wife filed a motion to reconsider claiming that she believed she would be represented by counsel at the final hearing and requesting that the court reconsider its ruling on her motion to continue and schedule a new hearing at which her current counsel could appear on her behalf. On October 1, 2025, the family court entered an order denying the motion to reconsider, finding that the motion did not meet the requirement specified in West Virginia Code §51-2A-10 (2001). It is from the final order entered September 15, 2025, that Wife now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife raises two assignments of error, both of which are similar, or closely related, that we have consolidated where appropriate for efficiency and clarity of our review. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (stating the general proposition that related assignments of error may be consolidated for ruling). Wife argues that the family court erred when it failed to swear in the Legal Aid assistant as a witness on the record, allowed that Legal Aid witness to give testimony, failed to speak with Wife's actual attorney in question, and relied on the testimony of the Legal Aid witness in denying Wife's motion to continue. We are unpersuaded by Wife's arguments.

Rule 603 of the West Virginia Rules of Evidence states that a witness must give an oath or affirmation to testify truthfully before being allowed to testify. Wife contends that the family court made evidentiary errors by talking with the Legal Aid legal assistant on the record without first administering an oath or affirmation; however, Wife did not object to the legal assistant's statements in the record below. The Supreme Court of Appeals of West Virginia ("SCAWV") has held, "[t]he admission of unsworn testimony is a mere irregularity and not a jurisdictional defect, and a party should object at the proper time in

2

order to have the witness sworn or such irregularity may be waived by the failure to object." Syl. Pt. 3, *In re Simmons Child.*, 154 W. Va. 491, 177 S.E.2d 19 (1970). We reject Wife's argument that the family court committed error by failing to swear in the witness for several reasons, not the least of which is that Wife did not object. *See* Syl. Pt. 3, in part, *State v. Asbury*, 187 W. Va. 87, 415 S.E.2d 891 (1992) (holding that "[f]ailure to make timely and proper objection . . . constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court.") (citations omitted).

Further, the record does not reflect that the family court denied the continuance based solely on the testimony of the legal assistant. The order entered September 15, 2025, states the court denied the request for a continuance because the motion was not timely filed, the hearing had been set since July 9, 2025, and Husband had traveled from Florida for the hearing. As the SCAWV has recognized, "[i]t is well settled as a general rule that the question of continuance is in the sound discretion of the trial court, which will not be reviewed by the appellate court, except in case it clearly appears that such discretion has been abused." Syl. Pt., *Levy v. Scottish Union & Nat'l Ins. Co.*, 58 W. Va. 546, 52 S.E. 449 (1905). Given the facts of this case, the family court did not abuse its discretion by denying Wife's motion to continue.

Wife has failed to show how she suffered prejudice or had her rights adversely affected even if we were to hold the failure to swear in the Legal Aid assistant was an error. In *In re Interest of Tiffany Marie S.*, the SCAWV made clear that a party must show "at a minimum that she suffered prejudice as a result of the denial of her request." 196 W. Va. 223, 236, 470 S.E.2d 177, 190 (1996). The Court further held that "the mere fact that an appellant suggests a continuance could benefit him or her does not necessarily require the [lower] court to grant the continuance." *Id.* We conclude Wife failed to show injury or prejudice by the court's ruling.

Accordingly, we affirm the family court's September 15, 2025, order.

Affirmed.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

3